UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

RANDY PLASENCIA,                                          **COMPLAINT**

                            Plaintiff,
                                                          Index No.:

            -against-
                                                          <u>Jury Trial Demanded</u>


CITY OF NEW YORK, JEANCARLOS BATISTA,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                            Defendants.
--------------------------------------------------------------------------------X

      Plaintiff RANDY PLASENCIA, by his attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

## **<u>Preliminary Statement</u>**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **<u>JURISDICTION</u>**

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343, and 1347.

## **<u>VENUE</u>**

      4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    Plaintiff RANDY PLASENCIA is a twenty-year-old man residing in Bronx, New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.    That at all times hereinafter mentioned, the individually named defendants, JEANCARLOS BATISTA and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On July 5, 2023, beginning at approximately 1:00 a.m., plaintiff was present in the vicinity of 1760 Andrews Avenue, Bronx, New York, when he observed a large number of officers interacting with other civilians.

13.     Plaintiff was not involved in any crime or offense that lead to the police activity.

14.     Nonetheless, plaintiff was encircled by officers who proceeded to assault and batter plaintiff, and to otherwise subject him to unreasonable force.

15.     Plaintiff felt multiple blows to his body.

16.     Plaintiff neither presented a danger to himself or others nor was he engaged in any activity warranting the use of force.

17.     Defendants falsely arrested plaintiff, depriving him of his liberty, and then released plaintiff with Summons No. 4451828477, which was issued to plaintiff by defendant BATISTA and which falsely charged plaintiff with disorderly conduct.

18.     Defendant BATISTA's false allegations resulted in plaintiff's arrest and prosecution and formed the basis of the charges filed against plaintiff.

19.     The defendant officers initiated said prosecution with malice, and otherwise caused a prosecution to be commenced against plaintiff without probable cause.

20.     As a result of said malicious prosecution, plaintiff was compelled to appear in Bronx County Criminal Court on July 21, 2023, on which date all the false allegations of the defendant officers were dismissed and sealed on the basis that the charges were legally insufficient.

21.     As a result of the defendant's excessive use of force, plaintiff sustained injuries including, without limitation, a left ankle navicular bone fracture, traumatic iritis and

subconjunctival hemorrhage to his right eye, abrasions to his right facial area, abrasions and contusions to his back , torso, and elbow, facial swelling, back, chest, neck, left ankle, and right shoulder pain, deprivation of his liberty, and emotional distress.

22.     Defendants BATISTA and JOHN and/or JANE DOE 1 through 10 either directly participated in the use of force, false arrest, manufacturing of evidence, and/or malicious prosecution of plaintiff or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring, and/or directly participated in their supervisory capacity in said violations.

23.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

24.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of falsification, use of excessive force, of lax investigations of police misconduct, and of covering up abuse by fellow officers.

25.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse to avoid discipline for their unlawful conduct.

26.     For instance, in another civil rights action filed in this court involving false

allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

27.    Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at https://www1.nyc.gov/assets/doi/press-releases/2015/oct/pr_uofrpt_100115.pdf.  Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases.  The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force."  The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.  Despite these findings, the CITY OF NEW YORK as not adequately addressed these problems, as evidenced by ongoing litigation and media coverage relating to the NYPD's practice of employing excessive force.

28.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights as well as physical injuries to civilians.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

29.    Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30.    As a result of the foregoing, plaintiff RANDY PLASENCIA sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

31.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.    Defendants arrested plaintiff RANDY PLASENCIA, without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

33.    Defendants caused plaintiff RANDY PLASENCIA to be falsely arrested and unlawfully imprisoned.

34.    As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

35.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

6

36.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff RANDY PLASENCIA's constitutional rights.

37.     As a result of the aforementioned conduct of defendants, plaintiff RANDY PLASENCIA was subjected to excessive force and sustained physical and emotional injuries.

38.     As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff RANDY PLASENCIA.

41.     Defendants caused plaintiff RANDY PLASENCIA to be prosecuted without probable cause until the charges were dismissed and sealed on or about July 21, 2023.

42.     As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.    Defendants created false evidence against plaintiff RANDY PLASENCIA.

45.    Defendants utilized this false evidence against plaintiff RANDY PLASENCIA in legal proceedings.

46.    As a result of defendants' creation and use of false evidence, plaintiff RANDY PLASENCIA suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

47.    As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

48.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

50.    The defendants failed to intervene to prevent the unlawful conduct described herein despite a reasonable opportunity to do so.

51.    As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

52.      Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.      The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

54.      As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

55.      Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.      Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57.      The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting citizens to excessive force, arresting individuals without probable cause and engaging in a practice of falsification to cover up their abuse of authority.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as

described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

58.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

59.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

60.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

61.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK plaintiff RANDY PLASENCIA was subjected to excessive force, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

62.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

63.    All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from false arrest/unlawful imprisonment;

C.    To be free from excessive force;

10

D.    To be free from the fabrication of evidence;

E.    To be free from malicious prosecution; and

F.    To be free from the failure to intervene.

64.    As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

<u>**Supplemental State Law Claims**</u>

65.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

67.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

68.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

69.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

70.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
<u>(Assault under the laws of the State of New York</u>

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     As a result of the foregoing, plaintiff RANDY PLASENCIA was placed in apprehension of imminent harmful and offensive bodily contact.

73.     As a result of defendant's conduct, plaintiff RANDY PLASENCIA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

74.     The individually named defendants assaulted plaintiff.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

75.     As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
<u>(Battery under the laws of the State of New York</u>

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendants made offensive contact with plaintiff RANDY PLASENCIA without privilege or consent.

78.     As a result of defendants' conduct, plaintiff RANDY PLASENCIA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

79.    The individually named defendants battered plaintiffs.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

80.    As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
<u>(Malicious Prosecution under the laws of the State of New York)</u>

81.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.    The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff RANDY PLASENCIA.

83.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

84.    Defendants caused plaintiff RANDY PLASENCIA to be prosecuted without probable cause until the charges were dismissed on or about July 21, 2023.

85.    As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York

86.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered, falsely arrested, and maliciously prosecuted plaintiff RANDY PLASENCIA.

88.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

89.    As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York

90.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, falsely arrested, and maliciously prosecuted plaintiff.

92.    As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

14

attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
<u>(N.Y.C. Administrative Code §§ 8-801 through 8-807 Against All Defendants</u>)

93.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.    Plaintiff RANDY PLASENCIA's rights to be free from, *inter alia*, false arrest, excessive force, denial of his right to fair trial, and malicious prosecution, were violated by the conduct of the defendants in violation of New York City Administrative Code § 8-801 through 8-807.

95.    The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

96.    Qualified immunity is no defense to this claim.

97.    As a result of the foregoing, plaintiff RANDY PLASENCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff RANDY PLASENCIA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
       October 3, 2024

                    BRETT H. KLEIN, ESQ., PLLC
                    Attorneys for Plaintiff RANDY PLASENCIA
                    305 Broadway, Suite 600
                    New York, New York 10007
                    (212) 335-0132

               By:    *Brett Klein*
                    _____
                    BRETT H. KLEIN (BK4744)

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

RANDY PLASENCIA,

                                Plaintiff,

       -against-


CITY OF NEW YORK, JEANCARLOS BATISTA,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                               Defendants.
--------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132